JDC
en

SCANNED
JUN 0 3 2019



ASIA BRISCOE, : 14TH JUDICIAL DISTRICT COURT
as the Natural Tutrix of the Minor Child
Jon'tavious Lamar Briscoe

VS NO. 2019-2446 "E" : PARISH OF CALCASIEU

THE CITY OF LAKE CHARLES, ET AL : STATE OF LOUISIANA

FILED: _Carole B LeBlanc_ icnf pnpl
DEPUTY CLERK OF COURT

PETITION FOR WRONGFUL DEATH AND SURVIVAL ACTION

NOW INTO COURT COMES, ASIA BRISCOE, a person of the full age of majority domiciled and residing in the Parish of Calcasieu, State of Louisiana appears herein as Natural Tutrix and on behalf of her minor child, JON'TAVIOUS LAMAR BRISCOE, through undersigned counsel, who respectfully petition this Court:

1.

ASA BRISCOE is the natural tutrix of the minor child, Jon'tavious Lamar Briscoe.

2.

Made defendants herein are:

(1) THE CITY OF LAKE CHARLES, PARISH OF CALCASIEU, a local government entity and body politic created by statute, being a municipality and political subdivision of the State of Louisiana but not an agency or department, or arm of the State of Louisiana (hereinafter sometimes referred to as "City" or "Parish");

(2) LAKE CHARLES POLICE DEPARTMENT, ("LCPD") a governmental entity and department of the City of Lake Charles created by the Charter of the City of Lake Charles, Parish of Calcasieu, and not an arm or instrumentality of the State of Louisiana;

(3) JOHNATHAN LANDRUM, individually, and in his official capacity as an Officer of the Lake Charles Police Department, a person of the full age of majority, domiciled in the Parish of Calcasieu, Louisiana;

(4) CHIEF SHAWN CALDWELL, in his official capacity, a person of the full age and majority, who at all times was and is the Chief of Police for the City of Lake Charles, Louisiana;

(5) XYZ INSURANCE COMPANY, an insurance company authorized to do and doing business in the State of Louisiana, providing general liability coverage and/or excess of Loss Coverage for Chief Caldwell, Officer Landrum, and/or the City of Lake Charles Police Department for any and all acts and damages occurring from this incident and all excess damage claims incurred by the City of Lake Charles on behalf of all named defendants.

3.

At the time of this incident, Mr. Juston Joseph Landry, was in fact the father of the child, Jon'tavious Lamar Briscoe.



PROCESSED
Date: 5-31-19

4.

Petitioner, as the natural tutrix, pursuant to Article 197 Louisiana Code of Civil Procedure, alleges that Juston Joseph Landry was, in fact, the father of Jon'tavious Lamar Briscoe at the time of his death and that he, had formally acknowledged Jon'tavious Lamar Briscoe, through public acknowledgment.

5.

Petitioner alleges that on January 11, 2019 at approximately 12:51 A.M., an unnamed individual placed a call to Lake Charles Police alleging that a man had entered the Raceway convenience store at 1213 North Martin Luther King Highway and threatened him with a gun.

6.

Officer Landrum responded to the call and arrived at the location and located Mr. Landry about a block away on Martin Luther King Highway near the intersection of Pineview Street and engaged in an encounter with Mr. Landry and "at some point during the encounter [he] discharged his weapon, striking the subject". Mr. Landry collapsed in a nearby parking lot and was later transported to an area hospital where he was pronounced dead.

7.

As a result of the encounter, Mr. Landry was fatally wounded and died from his injuries.

8.

Officer Landrum was not injured in the encounter.

9.

Petitioner alleges that the actions of Officer Landrum were unreasonable, unnecessary, violated police officer protocol and procedure, an excessive use of deadly force, negligent, an exercise of bad judgment, wrongfully committed negligent homicide, and violated Mr. Landry's 4th Amendment and 141" Amendments of the United States Constitution and certain Louisiana Constitutional rights.

10.

Because there is additional evidence in the possession of law enforcement agencies, Petitioner reserve the right to supplement her petition with additional facts contained from that information.

11.

Petitioner now asserts claims against the Defendant pursuant to the La. C.C.P. Art. 2315, 2315.1, 2315.2, 2316, 2317, and 2320. Additionally, the Petitioner asserts claims under the United States Constitution's 4th and 14th Amendments, Louisiana Constitution's Article 1 § 2 and 5, and also 42 USC § 1983 and 42 USC § 1988.

### Actions of the City of the City of Lake Charles, Lake Charles Police Department, and Chief of Police

12.

Petitioner alleges that the City of Lake Charles is a municipality and a political subdivision of the State of Louisiana and that the City of Lake Charles and the Lake Charles Police Department are not instrumentalities or agencies of the State of Louisiana.

13.

The City of Lake Charles utilizes or employs its own police department known as the Lake Charles Police Department (LCPD). The Chief of LCPD at all relevant times before, during, and after this incident was Chief Shawn Caldwell, the responsible decision maker and policy maker for the LCPD.

14.

The shooting sued upon herein occurred in City of Lake Charles and the exclusive territorial jurisdiction of the City of Lake Charles's Police Department.

15.

At all times material herein, Chief Caldwell and the LCPD employed Officer Jonathan Landrum as a full-time police officer for the LCPD.

16.

As the Chief of Police for the City of Lake Charles and the responsible decision and policy maker for the Lake Charles Police Department, Chief Caldwell's actions, omissions, and/or inactions are attributable and imputable to the City of Lake Charles and vicariously liable for its employees.

17.

In the Chief's official capacity as Chief of Police, he was and is responsible for adopting, promulgating, and implementing and enforcing policies, customs, or practices pertaining to making arrest and preserving the peace in the City of Lake Charles as well as other customs,

3

policies, and practices regarding the governing of the City of Lake Charles which includes screening, hiring, disciplining, training, supervising, and retaining of City Police Officers to ensure each police officer was qualified and properly trained to perform the duties and functions of a peace officer including making arrests, preserving the peace, and the constitutional use of deadly force.

18.

Petitioner alleges that the city of Lake Charles through the Chief of Police did not properly examine and scrutinize the background of Officer s Landrum, and failed to ensure that Officer Landrum was properly trained and skilled in the proper use of force continuum, as well as have in place a deadly use of force policy for the City of Lake Charles. Additionally, the Chief failed to publish such policy, distribute and train all active police officers under his control and supervision, and the Chief failed to ensure that this officer followed and abided by the General Orders outlined in paragraph 71 below.

### 42 USC § 1983 Monell Actions against the City of Lake Charles

19.

Petitioner alleges that the City of Lake Charles violated 42 USC § 1983. Its officers are sworn to protect and serve and have the ability to use deadly force in that process and have an obvious need to have proper policies and training by LCPD and the City of Lake Charles. On January 11, 2019, the City of Lake Charles and the LCPD failed to have a written policy on the use of deadly force, and has history of incidents of excessive force, racism in the LCPD toward members of the African American community and inadequate oversight by decision makers in the LCPD and City.

20.

This lack of policy amounted to gross negligence, recklessness, and deliberate indifference on behalf of the City of Lake Charles and its surrogate the LCPD.

21.

The action of Officer Landrum's use of excessive force was undertaken pursuant to the policy, practice and custom of the LCPD and the City of Lake Charles including immediate approaching Mr. Landry in a confrontational and physical manner.

4

22.

In establishing its procedures, the City of Lake Charles has a duty under the 4th and 14th Constitutional Amendments of the United States to refrain from enforcing or continuing in effect policies and procedures that create a substantial likelihood that persons such as Mr. Landry would be subjected to the LCPD's officer's misconduct.

23.

Petitioner avers that the unconstitutional policies, practices and customs amounted to deliberate indifference demonstrated by the City of Lake Charles and LCPD, These recklessly inadequate or non-existent policies protecting against having officers without proper training in the use of deadly force, and the use of de-escalation tactics, the use of force continuum was the moving force of the conduct described in this petition.

24.

Petitioner avers that the shooting of Mr. Landry was caused by the reckless inadequate or non-existence of such policies regarding use of force and de-escalation and the apparent failure to adopt, promulgate and enforce such policies amounts to the deliberate indifference to the Constitutional rights of Mr. Landry.

25.

Petitioner avers that given knowledge that law enforcement officers will be called upon to use force, including deadly force, when apprehending suspects or otherwise discharging their duties as peace officers, the need to promulgate and enforce a written use of deadly force policy and de-escalation is required. The failure of the City to do so shows deliberate indifference to Mr. Landry's Constitutional rights, which resulted in his wrongful death.

26.

Petitioner avers that the City of Lake Charles, LCPD and Chief of Police failed to have adequate written policies and mandatory continuing training for proper use of verbal judo, use of appropriate de-escalation techniques and appropriate use of deadly force.

27.

As a result of the unprofessional and reprehensible actions of this officer, to date Chief Caldwell has refused to take any action regarding discipline of Officer Landrum, which is another common practice by LCPD decision makers.

5

28.

The Petitioner further alleges that the Chief of Police and the City of Lake Charles knowingly failed to properly train and supervise Officer Landrum, and continued to allow him to operate without the proper use of de-escalation, verbal judo, the appropriate use of deadly force, and mandatory "general orders".

29.

Based on information and belief, Petitioner alleges that the LCPD and its Chief had knowledge that Officer Landrum had prior internal affairs investigations in reference to his conduct. Petitioner further allege that the City of Lake Charles and the Lake Charles Police Chief knew that Officers Landrum had had previous citizens' complaints for use of excessive force that were documented in the business records of the LCPD which are a matter of public record.

30.

The Petitioner avers that the City of Lake Charles possesses the information that Officer Landrum was not well trained in the use of deadly force and the up or down use of force continuum. The City and Chief knew or should have known that not having such a policy and lack of adequate training would cause a fatal incident to occur.

31.

Additionally, the Petitioner avers that the City's failure to have a deadly use of force policy in place when this incident occurred, all while knowing that there were or have been multiple citizen complaints and lawsuits against the City of Lake Charles and the Lake Charles Police Department for excessive use of force, and that, based on information and belief, Officer Landrum had been investigated by internal affairs for complaints of excessive use of force against them, was a contributing factor to Officer Landrum's negligent horrendous behavior.

32.

The City of Lake Charles has a long standing pervasive policy of tolerating racist behavior by some of its officers. The Chief of Police has knowledge of such incidents.

33.

The City of Lake Charles had knowledge that LCPD had a long-standing custom and practice of excessive and unnecessary use of force. The City thereby acquiesced in or tacitly authorized it. The City of Lake Charles knew or should have known that an incident like the

shooting of Mr. Juston Landry would or could take place if it continued to allow officers to continue in these customs, practices and policies.

34.

Chief Caldwell and the City continued to allow and foster a double standard within the department when it comes to policing, discipline, and enforcement of policy.

35.

Upon information and belief, LCPD officers have been involved in the systematic process of abusing its citizens through inappropriate traffic stops, including DWI, where citizens are more prone to being stopped and arrested due to their socioeconomic status thereby allowing white officers to make additional pay.

36.

Black citizens are also targeted by white officers in majority black neighborhoods through aggressive police tactics in order to increase the number of arrests which in turn creates an economic benefit to those officers through additional overtime pay.

37.

Petitioner avers that Officer Landrum's misconduct was a product of his environment and undertaken pursuant to one or more de facto policies, practices and/or customs of the LCPD and the City of Lake Charles and the Defendants are guilty of the following wrongful acts, including, but not limited to:

a) Failing to properly hire, supervise and train LCPD officers;

b) Failing to properly train and supervise on approaching civilians, discharging weapon and de-escalation strategies;

c) Refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force;

d) Failing to retrain and/or otherwise control Police Officers who engage in excessive force and/or unjustified shooting against civilians;

e) Failing to establish appropriate policies and procedures to address and correct the repeated use of excessive force;

f) Inadequately and/or failing to independently and adequately investigate complaints or allegations of excessive force and other types of misconduct by Police Officers;

g) Tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights;

h) Allowing the continuance in force and effect of policies and procedures which resulted in the use of outrageous and excessive force against civilians, including Mr. Landry;

i) As a matter of both policy and practice the City of Lake Charles and the LCPD facilitates the very type of misconduct at issue in its failure to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department; and

j) Allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware.

38.

The de facto policies including the "police code of silence" are interrelated and exacerbate the effects of each other and said interrelated policies, practices and customs, as set forth above both individually and together, were maintained and implemented with deliberate indifference, and encouraged, the Defendant officer to conduct the aforesaid acts against Mr. Landry and therefore acted as the moving force and were separately and together, direct and proximate causes of the death of to Mr. Landry.

### Actions of Officer Jonathan Landrum

39.

Petitioner avers that as a result of Officer Landrum intentionally being overly aggressive and intentionally pointing his service revolver at Mr. Landry while in an encounter with him, Officer Landrum knew or should have known that this continued escalation and provocation would have caused a negative encounter with Mr. Landry.

40.

Petitioner avers that the actions of Officers Landrum were negligent, excessive, unreasonable, malicious, and that he had a reckless disregard for the consequences of his actions. Further, the Petitioner avers that the actions of Officer Landrum were calculated and did cause serious physical and emotional pain and suffering and the eventual death of Mr. Juston Joseph Landry.

41.

Petitioner avers that Officer Landry deviated and/or strayed away from appropriate police conduct as outlined in his training, protocol, and general orders of the policy and procedure manuals of the LCPD.

8

42.

As police officers with the LCPD, Officers Landrum is subject to ethical, professional, and legal standards as required by the City of Lake Charles and the Lake Charles Police Department. The Lake Charles Police officers are guided by LCPD Policy and Procedures ("The Blue Book") and nationally generally accepted policy and procedures for law enforcement officers.

43.

Petitioner alleges that Officer Landrum violated and ignored basic police practices and, in particular, several "General Orders" as outlined in the Policies and Procedures Manual of the Lake Charles Police Department that will be more fully shown at trial, including, but not limited to:

101. Duties and Responsibilities of Police Officer;
106. MissionNalues of LCPD
107. Code of Ethics/Oath
108. Bias Based Profiling
109. Early Intervention System
135. Less-Lethal Force
135.1 Taser
135.2 Less-Lethal Impact Projectiles
141. Victim/Witness Assistance
209. Arrests
247. Communications Procedure
270. Field Interviews
281. Search of Persons
303. Custodial Interrogation
310. Misdemeanor Investigations
311. Miranda Warnings
319. Warrantless Searches

44.

Petitioner avers that the actions of Officer Jonathan Landrum were so grossly negligent that he knew or should have known that pointing a loaded gun at another could have caused severe emotional and physical harm to Mr. Landry, and he did in fact cause Mr. Landry to struggle for his life fearing that the Officer was there to kill him and not arrest him.

45.

The Petitioner avers that Officer Landrum was acting under the color of state law as peace officers, agents, and employees of the Defendant, City of Lake Charles, and under the supervision of the Chief of Police, and were in the course and scope of their employment when Officer Landrum shot and killed Mr. Justin Landry.

46.

The Petitioner avers that the shooting of Mr. Landry was an excessive use of force, unreasonable, unnecessary, and was an additional gross breach of his duty as a police officer and this negligent behavior violated all appropriate law enforcement protocol and procedure.

47.

The shooting of Mr. Landry was unnecessary and excessive and an act of gross negligence on behalf of Officer Landrum.

48.

Petitioner further avers that the Defendants are liable for violations of Article I Section 5 of the Louisiana State Constitution, which establishes the rights of Louisiana citizens to be secure in their persons, property, and communication, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy.

49.

Officer Landrum did not speak to the 911 caller directly prior to engaging Mr. Landry in a reckless and violently aggressive way. He received the information from the 911 dispatch operator which amounted to a "tip" and it should have been treated as such. He had no probable cause to believe that Mr. Landry posed an imminent threat or danger that would require the use of deadly force. In fact, at the point in which he approached Mr. Landry, he did not see a weapon nor was he brandishing a BB pistol. His initial approach violated appropriate protocol and procedure that would have been used by a reasonable officer in a similar circumstance. 42 CSC § 1983 & 42 USC 1988 Causes of Actions.

50.

Petitioner assert that all Defendants are persons for purposes of 42 USC § 1983.

51.

Petitioner believes that all Defendants are liable pursuant to 42 USC § 1983 which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or

10

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

52.

Petitioner herein seek vindication of certain rights conferred upon her under the 4th and 14th Amendments to the United States Constitution including the rights to be free from unreasonable seizure and excessive force and that the Defendants did violate on January 11, 2019 these rights owed to Justin Landry.

53.

Petitioner bring this 42 USC § 1983 actions against Officer Landry and Chief Caldwell in their individual capacities.

54.

Petitioner also bring these claims against the Lake Charles Police Department and the City of Lake Charles for the following:

A) For improper screening of Officer Jonathan Landrum;

B) For the hiring of Officer Jonathan Landrum;

C) For failing to properly train and supervise him regarding the constitutional limitations of the use of deadly force,

D) Failure to promulgate and operationalize a constitutional use of deadly force policy, and

E) Other claims described herein including the deliberate indifference to the protection of Mr. Landry's constitutional rights.

55.

Petitioner avers that Mr. Landry's death was the result of poor official policy, custom, or practice of these Defendants. The action and inactions of the Department's Chief as policy maker are attributable to the City of Lake Charles and were the direct result of deliberate indifference attributable to each of the Defendants.

56.

Chief Shawn Caldwell, as the Chief of Police, is the official policy maker for the Lake Charles Police Department.

11

57.

Petitioner also brings this action under the 4th and 14th Amendments to the United States Constitution for depravation for their constitutionally protected rights. These rights include due process and equal protection under the 4th Amendment as well as the rights guaranteed under the 4th Amendment such as the right to be free from unreasonable searches, seizures, and excessive force. The Defendants violated these rights owed to Mr. Juston Landry on January 11, 2019.

58.

The 4th Amendment of the United States Constitution provides:

*"the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by both or affirmation, and particularly described in the place to be searched, and the person or thing to be seized."*

59.

Section 1. of the 14th Amendment of the United States Constitution provides:

*"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

60.

Petitioner alleges the Defendant Officer Landrum was acting in the course and scope of his employment with the Lake Charles Police Department and the City of Lake Charles, committed acts under the color of law and deprived Mr. Juston Landry of his rights secured by the 14th Amendment of the United States Constitution.

61.

The Defendants, while acting in their official capacity as a police officer, deprived Mr. Landry of liberty without due process of law, made an unreasonable seizure of his person and thereby depriving Mr. Landry of his rights and privileges as guaranteed by the 4th and 14th Amendments of the United States Constitution.

62.

By using deadly and excessive force described in this petition when it was not objectively reasonable to do so, Officer Landrum deprived Mr. Landry of his constitutionally protected right of life and liberty without due process of law.

63.

The conduct, including actions and omissions of the Defendant, while in the course and scope of his employment, was excessive and unreasonable, it was done intentionally, willfully, maliciously, and with deliberate indifference and reckless disregard for the natural probable consequences of his acts.

64.

The actions of the Defendants were done without justification and no basis in policy or reasonable standards. Their actions were intentionally calculated, and did cause serious physical and emotional pain and suffering and the death of Mr. Landry in violation and deprivation of his constitutional rights protected under 42 USC § 1983 and the 4th and 14th Amendments to the United States Constitution including the right to be free of unreasonable search and seizure and the right to be free from the use of excessive, unreasonable and unjustified deadly force.

65.

At all times, hereto, the Defendant, Jonathan Landrum was acting under color of law as a police officer.

66.

Petitioner avers that at no time when Officer Landrum approached Mr. Landry did he present an eminent threat of death or great bodily harm to anyone in the area.

67.

Any reasonable law enforcement officer would know or should have known of these constitutionally protected rights at the time that he approached Mr. Landry as he was clearly established and were or should have been a part of the officers' training.

68.

Chief Caldwell and Officer Landrum both took an oath to support the Constitution of the United States and the Constitution of this State, which affords rights and protections to all citizens.

69.

Petitioner avers that Officer Landrum willfully used deadly and excessive force when he discharged his weapon shooting and fatally wounding Mr. Landry.

70.

At the time Officer Landrum discharged his weapon he knew or should have known the result of its discharge that it would reasonably likely cause death or great bodily harm to Mr. Landry.

71.

Petitioner avers that force exhibited was excessive and violates the 4th Amendment of the United States Constitution because it was not reasonable in light of the circumstances facing the officer.

72.

The facts and circumstances of Officer Landrum firing 8-10 shots into the back of Mr. Landry was clearly and objectively unreasonable in light of the circumstances facing Officer Landrum.

73.

Petitioner avers the Defendants are therefore liable for all damages. Petitioner and her minor child have suffered because of Defendants' unreasonable seizure and search and the objectively unreasonable use of deadly force.

74.

Petitioner avers that the conduct, acts and/or omission of Officer Landrum, in both his individual and official capacity, resulted in the implementation, utilization, and execution of unconstitutional customs, policies, and practices that were a direct and proximate cause and moving force of the wrongful shooting and death of Juston Landry

75.

The above described acts by the Defendants City of Lake Charles and the Lake Charles Police Department were caused by their negligence and breach of their duty to the Petitioner as follows:

City of Lake Charles/Parish of East Lake Charles

A)  Failing to put into writing policies and procedures consistent with the laws and the constitutions of the United States and the State of Louisiana;

14

    B) Failing to protect Mr. Juston Landry's constitutional rights guaranteed by the State and Federal Constitution;

    C) Failing to properly supervise Defendant Officer Jonathan Landrum;

    D) Failing to ensure that the Chief of Police properly supervised and directed Officer Landrum; and

    E) Any other acts of negligence or breach of duties under the Constitution brought forth during trial.

76.

The above described acts by the Defendant Officer Jonathan Landrum was caused by his negligence and breach of his duty to the Petitioner as follows:

Officer Landrum:

    A) Invasion of Mr. Juston Landry's Constitutional rights under the color of law including but not limited to due process, equal protection, and unreasonable search and seizure:

    B) Any other acts of negligence or breach of duties under the Constitution brought forth during trial.

77.

The above described acts by the Defendant Lake Charles Police Chief Carl Caldwell was caused by his negligence and breach of his duty to the Petitioner as follows: Chief Shawn Caldwell

    A) Failing to guarantee Mr. Juston Landry's rights as provided by Federal and State laws, and the Constitutions of the United States and the State of Louisiana under the color of law;

    B) Failing to take timely corrective action to protect Mr. Landry's rights including the right to due process and the right to be free from unreasonable search and seizure;

    C) Failing to properly supervise Officer Landrum; and

    D) Any other acts of negligence or breach of duties under the Constitution brought forth during trial in this matter.

78.

Petitioner avers that Defendants are liable pursuant to 42 USC Section 1988 claims for attorneys' fees.

79.

Petitioner bring this action as a result of 42 USC Section 1988 which provides for an award of attorneys' fees if the Petitioner prevails in an action under 42 USC Section 1983.

15

80.

Petitioner submit that an award of attorneys' fees would not be unjust and therefore Petitioner seeks an award of attorneys' fees for which the Defendants are liable.

81.

Petitioner retained counsel to prosecute her claims, rights, and causes of action against the Defendants and therefore is entitled to an award of attorneys' fees.

82.

All of the Defendants are liable to the Petitioner for all compensatory damages, attorneys' fees, punitive damages, and cost which they are entitled to under the applicable law.

## Tort Causes of Actions

83.

Petitioner also avers that the Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2315, which requires that every act whatever man that causes damage to another obliges him by whose fault it is to repair it.

84.

The Defendant, Officer Jonathan Landrum did in fact shoot Mr. Landry in the back killing him. He inflicted great bodily harm when Mr. Landry posed no imminent threat of danger or great bodily harm to Officer Jonathan Landrum.

85.

Officer Landrum could have used other de-escalation tactics in order to gain control of the situation, including but not limited to, verbal judo, calling for back up, reporting the incident to a supervisor, tasing him, and any and all other acceptable police tactics short of deadly force which will more fully be shown at trial.

86.

Petitioner avers that the Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2316, which provides that every person is responsible for the damage he occasions, not merely by his actions, but also by his negligence, prudence, or his want of skill.

87.

Petitioner alleges that the Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2317, which provides that individuals are responsible not only for damage

16

occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

88.

Petitioner avers that the Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2320, which provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed.

89.

Herein, Officer Landrum had a duty not to shoot and kill Mr. Juston Landry. At the time of the shooting any reasonable officer employed by LCPD, exercising their function as a police officer, would not have used deadly force because of the circumstances surrounding this incident. Mr. Landry was not a threat when Officer Landrum approached him and was not exhibiting threatening behavior which would have warranted a use of deadly force.

90.

Petitioner avers that the Defendants are liable pursuant to Louisiana Revised Statue 42:1441.3 which provides that municipalities are responsible for the actions, offences, and torts of their officials and deputy officials.

91.

The Defendants breached their duty owed to the Petitioner in this matter because of their unnecessary, negligent, and excessive use of deadly force, which in fact caused the death of Mr. Landry.

92.

Petitioner avers that the Defendants are liable pursuant to Article 1 Section 2 of the Louisiana State Constitution, which provides that no person shall be deprived of life, liberty, or property except by due process of law.

93.

The Petitioner avers that the Defendants are liable for the injuries and damaged sustained herein due to the acts and/or omissions of negligence and/or fault that are included, but not limited to the following:

a) the excessive use of force against Mr. Juston Landry;
b) the use of deadly force against Mr. Juston Landry
c) failure to employ alternative modes of de-escalating the situation;
d) failure to act reasonably as a prudent police officer;

17

e) violation of applicable law enforcement standards; and
f) failure to ensure the safety of other citizens in the area: and g) the acts and/or omissions which may be fully shown at trial.

94.

As a result of the wrongful death of Mr. Landry under Louisiana Code or Civil Procedure Articles 2315, 2316, 2317, 2320 and La. R.S. 42.1441.3 Petitioner, Ms. Asa Briscoe, on behalf of her minor child, Jon'tavious Lamar Briscoe, brings this action to recover damages arising out of Mr. Landry's wrongful death. The Petitioner sustained damages including, but not limited to, the following:

a) the Decedent's pain and suffering prior to death,
b) the Decedent's mental anguish and anxiety prior to death.
c) scarring and disfigurement suffered prior to dm*.
d) Decedent's funeral expenses,
e) Petitioner' loss of love, affections, society, consortium and servicer,
f) Petitioner' mental anguish and anxiety,
g) Petitioners' loss of support,
h) any related medical expenses,
i) loss of enjoyment of life,
j) loss of support,
k) loss of income,
l) toss of consortium, and
m) any and all other damages both general and special, which will be more fully proven at trial.

95.

Mr. Landry did not immediately die, but continued to suffer for several minutes after he was shot 8 to 10 times in the back by Officer Landrum.

96.

Officer Landrum failed to render any sort of urgent medical care or first-aid including failing to make attempts to stop the bleeding, failing to use measures to allow him to breath and failing to use resuscitative measures.

97.

Mr. Landry lay mortally wounded in a nearby parking lot away from the Raceway gas station for several minutes before Emergency Medical Services were called and able to attempt treatment. Petitioner bring this additional action to recover damages arising out "survival action" under Louisiana Code of Civil Procedure Article 2315.1 and Louisiana Code of Civil Procedure Article 2315.2. The Petitioner sustained damages as a result of her survival of action claim to include, but not limited to, the following:

a) the Decedent's pain and suffering prior to death,

18

b) the Decedent's mental anguish and anxiety to his death.
c) scarring and disfigurement suffered prior to his death,
d) Decedent's-funeral expenses,
e) Petitioner' loss of love, affections, society, consortium, and services.
f) Petitioner's mental anguish and anxiety,
g) Petitioner's loss of support,
h) any related medical expenses.
i) loss of enjoyment of life,
j) loss of support,
k) loss of income,
l) loss of consortium. and
m) any and all other damages both general and special. which will be more fully proven at trial.

98.

Petitioner request that this matter be tried by jury.

99.

Petitioner now PRAYS that this Court finds a declaration of Paternity and filiation pursuant to Article 196 and 197 of the La. Civil Code establishing Juston Landry as the father of the minor child.

100.

Petitioner is a citizen of this State and because of her poverty and want of means is unable to pay the cost of court either in advance or as they accrue; and therefore, she should be allowed to prosecute this action without the payment of costs either in advance or they accrue.

WHERFORE. Petitioner also PRAYS as follows:

1  That she be permitted to prosecute this action without the payment of costs either in advance or as they accrue;

2. That this matter be deemed good and sufficient.

3. That the Defendants be duly cited and served with a copy of this Petition;

4. That after service and applicable legal delays there be judgment rendered heroin in favor of the Petitioner, ASA BRISCOE as the natural tutrix of her minor child, Jon'tavious Lamar Briscoe; and against the Defendants for all general and equitable relief granted in the premises herein, for punitive damages, including but not limited to all damages under 42 USC § 1983 and that Petitioner be awarded attorney fees pursuant to 42 USC § 1911;

5. After due proceedings had that all costs associated herein be levied against the Defendants; and

19

6. For all general and equitable relief in the premises.

Respectfully Submitted:

WILFORD D. CARTER, BR #03935
Wilford Carter Law LLC
1025 Mill Street
Lake Charles, LA 70601
(337) 564-6990 Phone
(337) 564-6992 Fax
wilfordcarterlawoffice@gmail.com

PLEASE SERVE DEFENDANTS AS FOLLOWS:

THE CITY OF LAKE CHARLES
Through its mayor, Mayor
Lake Charles City Hall
326 Pujo Street
Lake Charles, LA 70601

LAKE CHARLES POLICE DEPARTMENT
Through its chief of police, Chief Shawn Caldwell
830 Enterprise Blvd.
Lake Charles, LA 70601

JOHNATHAN LANDRUM
At his place of employment:
Lake Charles City Police Department
830 Enterprise Blvd.
Lake Charles, LA 70601

CHIEF SHAWN CALDWELL
Chief of Police, Lake Charles Police Department
830 Enterprise Blvd.
Lake Charles, LA 70601

XYZ INSURANCE COMPANY